IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY MUSGROVE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0920-L |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sidney Musgrove has filed a motion to proceed *in forma pauperis* in this social security appeal brought under 42 U.S.C. § 405(g). For the reasons stated herein, the motion should be denied.

I.

On May 23, 2007, plaintiff, through his attorney, filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* Plaintiff also filed a motion to proceed *in forma paupers*. Process has been withheld pending a determination of that motion.

II.

A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the

applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). A court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337, 69 S.Ct. 85, 88, 93 L.Ed. 43 (1948).

Although plaintiff is unemployed and has no liquid assets, he has an Individual Retirement Account ("IRA") valued at approximately $248,000. When the court asked plaintiff to explain why money from his IRA could not be used to pay the costs of this suit, his attorney responded:

> Plaintiff is 62 years of age. Plaintiff has saved money in an IRA throughout his life time for the purpose of insuring he will be able to support himself upon retirement. Although Plaintiff is no longer subject to a penalty for withdrawing money from his IRA, Plaintiff has advised the undersigned attorney that he is afraid that if he begins withdrawing funds from the account, even for relatively minor amounts, his savings will decrease to the point that it will not last him throughout his lifetime.

(Plf. Resp. at 1). The court finds this explanation unavailing. There is no reason why plaintiff cannot use part of his $248,000 in savings to pay the $350 filing fee and other costs of this suit. Withdrawal of these sums from plaintiff's IRA will not subject him to undue financial hardship.

## **RECOMMENDATION**

Plaintiff's motion to proceed *in forma pauperis* [Doc. #2] should be denied. Plaintiff should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED:  June 11, 2007.

                                          JEFF KAPLAN
                                          UNITED STATES MAGISTRATE JUDGE